**Michael W. REYNOLDS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–96–01038–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 19, 1998.

---

Mary Lesa Trombley, Friendswood, for Appellant.

David Bosserman, Angleton, for Appellee.

Before Justices COHEN, WILSON, and NUCHIA.

**OPINION**

NUCHIA, Justice.

A jury convicted appellant, Michael W. Reynolds, of possession of cocaine with intent to deliver, and assessed punishment at 15 years confinement and a $15,000 fine. We affirm.

Appellant was a prison guard for the Texas Department of Criminal Justice (TDCJ). The Internal Affairs division of TDCJ was made aware by a confidential informant that several guards were delivering drugs to inmates at the prisons. Internal affairs set up a "controlled delivery" situation with appellant, who was identified as one of the suspected guards. Under the deal worked out, appellant would receive one kilo of cocaine and $2500 from an undercover internal af-

fairs officer. Appellant was to deliver half of the cocaine to an inmate, keep the other half and the $2500.[1]

The officer met appellant at a location in Houston, and then appellant followed her to a second location. At the second location, appellant refused to take the cocaine because the officer did not have the cash. Instead, appellant arranged to meet her at a hotel in Galveston.

Internal affairs officers checked into two rooms of the hotel. In one room were the two undercover officers who were participating in the controlled delivery. In another room, other officers were conducting audio surveillance.

Appellant came to the room where the two undercover officers were waiting. One of the officers handed appellant the $2500 and a brown paper bag containing the kilo of cocaine wrapped in clear plastic. Appellant counted the money and said, "Yes, its's all here." Appellant took the brown paper bag, looked into it, and then put the bag on the bed in front of him. The officers who were conducting the surveillance then entered the hotel room and arrested appellant.

In two points of error, appellant challenges the legal sufficiency of the evidence. When conducting a legal sufficiency review of the evidence, we view all of the record evidence and reasonable inferences therefrom in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Wilkerson v. State*, 881 S.W.2d 321, 324 (Tex. Crim.App.1994). The issue is whether any rational trier of fact could find the crime's essential elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Green v. State*, 891 S.W.2d 289, 297 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

Appellant contends the evidence was insufficient to prove that he possessed the cocaine because it failed to show: (1) that he exercised control over it, and (2) that he knew the paper bag contained cocaine.

■ In order to establish the offense of unlawful possession of a controlled substance, the evidence must show that the accused exercised actual care, control, or custody of the contraband, was conscious of his connection with it, and knew that it was contraband. *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim.App.1995).

**Control over the contraband**

■ Appellant argues that he never possessed the cocaine because the officers never relinquished control of it. He contends that because the officers did not intend to allow him to leave the room with the cocaine, he did not exercise care, custody, control, or management over it.

We have not found this point addressed by any Texas court. However, because the Texas Controlled Substances Act was patterned after the federal narcotics statute, we will look to federal caselaw for guidance. *See Jimenez v. State,* 739 S.W.2d 499, 503 (Tex. App.—Corpus Christi 1987, pet. ref'd). Several federal circuit courts of appeal have rejected appellant's argument in strikingly similar circumstances. In *United States v. Toro,* 840 F.2d 1221, 1230 (5th Cir.1988), a Drug Enforcement Administration agent delivered a kilogram of cocaine to defendant Brunk in a parking lot. Brunk put the cocaine into his briefcase and was arrested. He argued that the DEA maintained dominion over the cocaine until the time of delivery, and at that point the presence of numerous DEA agents at the site precluded the possibility of his leaving the parking lot with the cocaine or "do[ing] anything with the cocaine prior to being arrested." *Id.* at 1237. The Fifth Circuit held that although Brunk's dominion over the cocaine was brief, the evidence of possession was legally sufficient. The court explained:

Although the resulting arrest immediately thereafter terminated Brunk's brief dominion over the cocaine, that does not mean that dominion sufficient to justify conviction in a reasonable juror's mind never existed. To hold otherwise would require us to define "possession" in a manner that affords Brunk an opportunity to escape

with the contraband. That we decline to do. Such a definition would defy common sense, place an impossible burden on police, and contribute to the very evil that the violated statute intended to eliminate. (Citations omitted.)

*Toro,* 840 F.2d at 1237–38.

In *United States v. Jones,* 676 F.2d 327 (8th Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 71, 74 L.Ed.2d 71 (1982), the defendant loaded bales of marihuana from DEA agents' vehicles into his own van, and was then arrested. The Eighth Circuit rejected Jones's claim that "because the government agents at all times had control" of the contraband, the evidence was insufficient to establish possession. The court held, "The fact that the agents intended to arrest Jones and recover control of the marijuana does not negate the fact, that for however short a period of time, Jones was in actual control of the marijuana." *Id.* at 332; *see also Santiago v. United States,* 889 F.2d 371, 376–77 (1st Cir.1989).

■ We adopt the reasoning from this line of federal cases, and hold that appellant was in actual possession of the cocaine when he accepted it from the officers. We borrow from the reasoning in *Toro,* and hold that "actual care, custody, control, or management"[2] does not mean that in a controlled delivery, law enforcement officers must allow the purchaser the freedom to leave with the contraband, dispose of it, or in any way take it beyond the officers' ability to contain the situation.

We hold the evidence is legally sufficient to prove appellant exercised actual care, custody, control, or management of the cocaine.

**Knowledge that bag contained contraband**

■ Appellant also argues that there was insufficient evidence to show that he knew the paper bag contained cocaine. Again, we disagree. It is clear from appellant's negotiations with the officers that he expected them to hand him a kilo of cocaine. The officers testified that they handed appellant a paper bag containing one kilo of cocaine wrapped in clear plastic, and that he looked into the bag before setting it down on the

2. *See* Tex. Health & Safety Code Ann. § 481.002(38) (Vernon 1992).

bed. There is sufficient evidence that appellant knew the paper bag he received contained cocaine.

We overrule points of error one and two.

We affirm the judgment of the trial court.