Shelton v. SOT




















NUMBERS 13-02-00297-CR

 13-02-00338-CR

 13-02-00339-CR



COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG


 



ERNEST SHELTON, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 



On appeal from the 130th District Court of Matagorda County, Texas.


 



MEMORANDUM OPINION




Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Hinojosa




 Appellant, Ernest Shelton, was charged in three separate indictments with the offenses of aggravated sexual
assault, (1) delivery of cocaine, (2) and sexual assault. (3) All three indictments were tried to a single jury, and the
jury found appellant guilty in all three cases. The trial court assessed appellant's punishment at seventy-five
years imprisonment for the aggravated sexual assault, twenty years imprisonment for the sexual assault, and
two years imprisonment for the delivery of cocaine; all three sentences running concurrently. The trial court
has certified that these three cases are not plea-bargain cases and "the defendant has the right of appeal." See
Tex. R. App. P. 25.2(a)(2). In a single issue, appellant contends the trial court erred in overruling his motion
for mistrial. We affirm.

A. Background and Procedural History


 The victim, appellant's daughter, was in the protective custody of Child Protective Services (CPS) in 1995
and 1996 because CPS received a complaint that appellant had physically abused her. When the child returned
to her home in 1996, appellant forced her to have sexual intercourse with him two or three times a week. The
sexual assaults continued until the child was removed from appellant's home in 2001. According to the child,
appellant started having sexual intercourse with her when she was ten years old. Appellant also sold crack
cocaine to an undercover officer at appellant's residence.

 During voir dire, the prosecutor asked the jury panel if anyone knew appellant, and juror number thirty-four
raised his hand.

Prosecutor: Sir, you're Juror No. 34. You've raised your hand as having known the defendant?



Juror No. 34: (Nods head)



Prosecutor: Are you from the Sargent area?



Juror No. 34: Yes, ma'am.



Prosecutor: Is that how you know him?



Juror No. 34: Ma'am?



Prosecutor: Is that how you know him?



Juror No. 34: I know him - 



Prosecotor: I can't hear you. I'm sorry.



Juror No. 34: I know him, and he ain't worth killing.



Appellant's Counsel: Judge, can we approach?



 (Off-the-record discussion at the bench, out of the hearing of the jury panel)

 

Appellant: Good shot, Sonny, good shot.



The Court: Let's have order in the court.



 At a bench conference outside the hearing of the jury panel, appellant's counsel moved for a mistrial and
asked that "the record reflect that the jury panel laughed out loud indicating that they heard" juror number
thirty-four's remark. The trial court denied the motion but released juror number thirty-four with instructions
that he not return to the courthouse before the trial was completed. The trial court instructed the jury panel to
disregard juror number thirty-four's remark and continued with voir dire.

B. Motion for Mistrial


 In his single issue, appellant contends the trial court erred in denying his oral motion for mistrial because the
inflammatory remark by juror number thirty-four was so prejudicial that the court's curative instruction was
insufficient to prevent juror prejudice against him.

 A mistrial is an extreme remedy appropriate only when the objectionable events are so emotionally
inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against
the defendant. Cano v. State, 3 S.W.3d 99, 109 (Tex. App.-Corpus Christi 1999, pet. ref'd) (citing Bauder v.
State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996)). The law favors the continuation of a trial, if possible. 
Id. A grant or denial of a motion for mistrial is reviewed under an abuse of discretion standard. Id. The test
for abuse of discretion is whether the court acted without reference to any guiding rules and principles. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).

 On appeal, there is a presumption that a trial court's instruction to disregard was effective. Corwin v. State,
870 S.W.2d 23, 37 (Tex. Crim. App. 1993); Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987). 
An instruction to disregard an improper remark cures the error unless the remark was clearly calculated to
inflame the minds of the jury and it is impossible to withdraw its impression on the jury. Gardner, 730 S.W.2d
at 696; Ecby v. State, 840 S.W.2d 761, 764 (Tex. App.-Houston [1st Dist.] 1992, pet. ref'd). A mistrial should
be granted only when the objectionable remark is so inflammatory that a curative instruction will not prevent
the jury from being unfairly prejudiced against the defendant. Bauder v. State, 921 S.W.2d 696, 698 (Tex.
Crim. App. 1996). 

 In Gardner, the court of criminal appeals explained the rule as follows:

In the vast majority of cases in which argument is made or testimony comes in, deliberately or inadvertently,
which has no relevance to any material issue in the case and carries with it some definite potential for prejudice
to the accused, this Court has relied upon what amounts to an appellate presumption that an instruction to
disregard the evidence will be obeyed by the jury. In essence this court puts its faith in the jury's ability, upon
instruction, consciously to recognize the potential for prejudice, and then consciously to discount the
prejudice, if any, in its deliberations. Thus we say the harm deriving from the unresponsive answer has been
"cured." This is true "except in extreme cases where it appears that the evidence is clearly calculated to
inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the
impression produced on their minds." Whether a given case fits the exception or the rule will depend, of
course, upon its particular facts. 



Gardner, 730 S.W.2d at 696 (citations omitted). 

 In the instant case, the objectionable event, juror number thirty-four's comment "he ain't worth killing," had
no relevance to any material issue. Moreover, it is uncertain how many jurors actually heard the remark. 
Although one member of the jury panel had to be excused because of an inability to remain impartial after the
comment, the remaining jurors indicated they could remain impartial.

 Furthermore, nothing in the record indicates that juror number thirty-four's remark was clearly calculated to
inflame the minds of the jury, or that the instruction to disregard the remarks of the juror did not cure any
prejudicial impression the comment might have left. The totality of the circumstances of this case suggests
that the objectionable event was not of such a damaging character as to place it outside of the
cure-by-instruction rule. See Gardner, 730 S.W.2d at 696. Accordingly, we conclude that the trial court did
not abuse its discretion in denying appellant's motion for mistrial. Appellant's sole issue is overruled.

 The judgments of the trial court in these three cases are affirmed.



 FEDERICO G. HINOJOSA

 Justice





Do not publish. Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

29th day of August, 2003.

1. Appellate cause number 13-02-00297-CR; trial court cause number 01-E-250.

2. Appellate cause number 13-02-00338-CR; trial court cause number 01-E-251-SJ.

3. Appellate cause number 13-02-00339-CR; trial court cause number 01-E-252.