Opinion issued November 10, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00775-CR




ROBERT DEYON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 21,231




MEMORANDUM OPINION

          A jury found appellant, Robert Deyon, guilty of the felony offense of
possession of phencyclidine (“PCP”) weighing more than four grams and less than
two hundred grams. See Tex. Health & Safety Code Ann. §§ 481.002, 481.115
(Vernon 2003). The trial court assessed punishment at four years confinement. In
two points of error, appellant argues that the evidence presented at trial was legally
and factually insufficient to support his conviction because the State failed to
establish sufficient affirmative links between himself and the contraband. 
          We affirm. 
Background
          At about 12:30 a.m. on July 22, 2001, as he was responding to a nearby
burglary dispatch, Huntsville Police Officer D. Warner noticed a suspicious vehicle
with its lights on parked in the bay of a self-service car-wash station. After attending
to the burglary call, Officers Warner and Armstead approached the car wash to
investigate the scene. As they approached the vehicle, Officer Warner observed that
the driver and passenger had their heads leaning against the windows. Officer
Warner asked the driver of the vehicle to roll down the window and provide his name
and date of birth. As the driver rolled down the window, Officer Warner smelled a
strong odor of marijuana coming from within the vehicle. After speaking to them
briefly, Officer Warner determined that the driver and appellant, who was sitting in
the passenger seat, were in an intoxicated state. Specifically, appellant was sweating
heavily, slurring his speech, having trouble comprehending basic questions, and
acting nervous, and his eyes were glassy and icy. Officer Warner arrested both men
for public intoxication and then proceeded to inventory the vehicle’s contents. 
During the inventory, Officer Warner found a cigar butt in the ashtray that contained
marijuana and had been dipped in PCP. He also found two vanilla extract bottles in
the center console that smelled strongly of PCP. In the trunk of the car, Officer
Warner found a Wal-Mart sack that contained a box of 30 to 40 small empty vials
with eye droppers in them.


 C. Stafford, an employee with the Texas Department of
Public Safety Crime laboratory, testified that the two vanilla extract bottles contained
a total of 10.09 grams of PCP. 
Discussion
          In two points of error, appellant argues that the evidence was legally and
factually insufficient to support his conviction because there were insufficient
affirmative links between him and the contraband. Specifically, appellant argues that
he was smoking only marijuana and did not know there was any PCP on the cigar or,
if he did, the trace amount was all he knew about and he did not know about the two
bottles in the center console. 
          Standard of Review
          When reviewing the legal sufficiency of the evidence to support a verdict, we
view all of the evidence in the light most favorable to the verdict, asking whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979). 
          We review the factual sufficiency of the evidence by reviewing all of the
evidence as a whole, in a neutral light. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). We may not substitute our judgment for that of the jury in a
factual sufficiency review of the evidence. Id. The test is whether the jury was
rationally justified in finding guilt beyond a reasonable doubt when considering all
of the evidence in a neutral light. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim.
App. 2004). There are two ways the evidence may be insufficient: (1) the evidence
supporting the verdict may be too weak to support a finding of guilt beyond a
reasonable doubt when considered by itself, or (2) when both the evidence in support
of the verdict and that against it are balanced, the contrary evidence may be so strong
that the beyond-a-reasonable-doubt standard could not have been met; thus the guilty
verdict cannot be affirmed. Id. at 484–85. In other words, the second standard
recognizes that evidence supporting guilt can outweigh the contrary proof and still
be factually insufficient to prove the essential elements of the crime beyond a
reasonable doubt. Id. at 485.
Affirmative Links
          To prove unlawful possession of a controlled substance, the State must
establish that (1) the accused exercised actual care, custody, control, or management
over the contraband and (2) the accused knew the matter was contraband. Tex.
Health & Safety Code Ann. §§ 481.002, 481.115; King v. State, 895 S.W.2d 701,
703 (Tex. Crim. App. 1995); Reynolds v. State, 981 S.W.2d 926, 928 (Tex. App.
—Houston [1st Dist.] 1998, no pet.). However, the defendant’s mere presence in the
same place as the contraband is not sufficient, in and of itself, to justify a finding of
possession. Harrison v. State, 555 S.W.2d 736, 737 (Tex. Crim. App. 1977). When
the accused is not in exclusive control over the place where the contraband is found,
the State must affirmatively link the accused with the drugs using additional
independent facts and circumstances. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim.
App. 1986); Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.]
2002, pet. ref’d). Affirmative links are facts and circumstances that create a
reasonable inference that the accused was conscious of his connection with the
contraband and knew it was contraband. See Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995). 
          The factors used to establish affirmative links include the following: (1) the
defendant was present when the drugs were found; (2) the drugs were in plain view;
(3) the defendant was in proximity to the drugs and had access to them; (4) the
defendant was under the influence of drugs when arrested; (5) the defendant
possessed other contraband; (6) the defendant made incriminating statements when
he was arrested; (7) the defendant attempted to flee; (8) the defendant made furtive
gestures; (9) there was an odor of drugs; (10) the defendant had the right to possess
the place where the drugs were found; (11) the drugs were found in an enclosed
place; (12) the amount of drugs found was significant; and (13) the defendant
possessed weapons. Hurtado v. State, 881 S.W.2d 738, 743 n.1 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d). Courts have also considered (14) any traces of the
contraband found; (15) any large sum of money found on the accused; and (16) the
amount of contraband found. Whitworth v. State, 808 S.W.2d 566, 569 (Tex.
App.—Austin 1991, pet. ref’d); Roberson, 80 S.W.3d at 740, 742; Poindexter v.
State, 153 S.W.3d 402, 412 (Tex. Crim. App. 2005). The number of factors is not as
important as the logical force they have in establishing the elements of the offense. 
Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d). To meet the standard, the affirmative links must show that the accused’s
connection with the contraband was more than fortuitous. Brown, 911 S.W.2d at 747.
Sufficiency of the Evidence
Legal Sufficiency 
          The evidence in this case is sufficient to permit a rational trier of fact to infer
that appellant was in possession of the contraband. The two vanilla extract bottles
filled with PCP were in close proximity to appellant because they were located in the
center console, an enclosed space. Moreover, appellant and the driver had just
smoked a marijuana cigar that had been dipped in PCP when Officer Warner found
them, and they showed signs of intoxication. The butt from the marijuana cigar was
in the ashtray of the car next to the center console and in plain view. Also, Officer
Warner testified that he smelled a strong odor of marijuana and saw a cloud of smoke
exit the vehicle when the driver rolled down the window. The amount of PCP found
in the car, a total of 10.9 grams, is not insignificant. Based on these affirmative links,
it was reasonable for the jury to infer that appellant exercised actual care, custody,
control, or management over the PCP and that appellant knew that the contraband
was PCP. Therefore, the evidence is legally sufficient to support the jury’s finding
that appellant knowingly possessed the PCP. 
          We overrule appellant’s first point of error.
                    Factual Sufficiency 
          In his factual insufficiency argument, appellant cites three cases to support the
argument that he was merely present at a place where contraband was found and thus
not in legal possession of the PCP. 
          In Jenkins v. State, the court found that the evidence of affirmative links
presented was insufficient to create a reasonable inference that the defendant
knowingly exercised control over the contraband. 76 S.W.3d 709, 717 (Tex.
App.—Corpus Christi 2002, pet. ref’d). The defendant was riding in the front
passenger seat, the owner of the car was riding in the back seat, and a third person
was driving when the police pulled over the vehicle. Id. at 714. Upon searching the
vehicle, the officer found marijuana hidden in the trunk and cocaine hidden in a
cracker box underneath the back seat. Id. at 717. In its reasoning, the court
emphasized the numerous furtive gestures made by the vehicle’s owner as the car was
pulled over. Id. Furthermore, the contraband was neither in close proximity nor
readily accessible to the defendant, and there was no contraband or paraphernalia on
the defendant’s person. Id. The officer also determined that the defendant was not
under the influence of drugs at the time of the stop. Id.
          In Roberson, the court also determined that the evidence presented was legally
insufficient to link the defendant affirmatively to the drugs. 80 S.W.3d at 741. The
defendant was driving the vehicle when a police officer pulled him over for a routine
traffic stop. Id. at 733. The officer found cocaine on the person riding in the front
passenger seat as well as on the ground near the passenger side door; he also found
two bottles of PCP on the person riding in the backseat. Id. at 734. During the
officers’ questioning, the defendant appeared to be composed and polite, gave no
resistence, and did not appear to be under the influence of alcohol or narcotics. Id.
at 733. On the other hand, the passenger in the front seat appeared nervous, and the
officer suspected that he was intoxicated. Id. at 733–34. The State’s primary
argument was based on the defendant’s role as the driver of the vehicle, the
inconsistent stories given by the passengers and the defendant, the defendant’s
relationship with the passengers, and the amount of drugs involved. Id. at 736–40.
However, the court found that the defendant was merely the unknowing driver of a
vehicle in which the others were transporting cocaine. Id. at 736. 
          Appellant also cites the appellate court’s decision in Poindexter v. State, 115
S.W.3d 295, 300 (Tex. App.—Corpus Christi 2003), rev’d, 153 S.W.3d 402 (Tex.
Crim. App. 2005) (concluding that evidence linked appellant to contraband). After
appellant filed his brief, however, the Texas Court of Criminal Appeals reversed the
opinion that appellant relies on, which we decline to consider. 
          The Jenkins and Roberson cases are distinguishable from the instant case. In
both cases, neither defendant exhibited signs that led the officers to believe that he
was under the influence of drugs. Also, in the present case, the drugs were accessible
and in very close proximity to appellant, and the evidence indicated that appellant had
recently ingested PCP. Additionally, the evidence presented in this case directly links
appellant to the contraband and is not a mere link between appellant and the vehicle. 
The butt of the marijuana cigar was in plain view and laced with PCP. Furthermore,
appellant was under the influence of drugs at the time of the arrest. Although the
PCP in the vanilla extract bottles was not in plain view because it was located in the
center console, when the PCP is considered in light of appellant’s intoxication and
the marijuana cigar in plain view and in light of appellant’s close proximity to the
center console, it is reasonable to infer that appellant knew of the PCP located in the
center console, had access to it, and exercised control over it. It can also be said that
the marijuana cigar was drug paraphernalia in that it was a means of inhaling the PCP
and not just another type of drug found in the car. 
          The thrust of appellant’s argument is that, although he appeared to be
intoxicated, he was not definitively under the influence of PCP. Appellant also
argues that the following affirmative links are not present in this case: (1) appellant
was not the owner of the vehicle; (2) appellant was not observed operating the
vehicle; (3) appellant made no furtive gestures; (4) none of appellant’s personal
belongings was recovered from the vehicle; (5) no contraband was found on
appellant’s person; (6) no money was found on appellant’s person; and (7) appellant’s
fingerprints were not found on any of the contraband that the police confiscated. 
          Although appellant points out that specific affirmative links were not present,
we note that it is not the number of affirmative links that matter, but the “logical
force” they collectively create. See Roberson, 80 S.W.3d at 735 (quoting Whitworth,
808 S.W.2d at 569). In weighing the factors that establish affirmative links, each case
is decided on its own facts. State v. Derrow, 981 S.W.2d 776, 779 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d). A factor that is of little or no value in
one case may be the turning point for another case. See Nhem v. State, 129 S.W.3d
696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.). It is the sole province of
the jurors to resolve inconsistencies in testimony and draw reasonable inferences
based on the evidence before them. McKinny v. State, 76 S.W.3d 463, 468–69 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). We conclude that it was reasonable for the
jury to find that appellant knew of the PCP on the cigar and in the center console and
exercised control over both. We conclude that the verdict is not so against the great
weight and preponderance of the evidence as to be manifestly unjust, and that proof
of guilt is not so weak as to undermine confidence in the jury’s determination. 
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. See Tex. R. App. P. 47.2(b).