Opinion issued November 10, 2005 



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01104-CR




DEREK MAURICE ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 975387




MEMORANDUM OPINION
          Appellant, Derek Maurice Anderson, was convicted by a jury of the third
degree felony offense of possession of a controlled substance weighing more than
four grams and less than two hundred grams. See Tex. Health & Safety Code
Ann. § 481.115(d) (Vernon 2003). The jury assessed his punishment at six years
confinement and a $5,000 fine. See id. at § 481.115(f). In two points of error,
appellant argues that the evidence presented at trial was legally and factually
insufficient to support his conviction because the State failed to affirmatively link
him to the contraband. 
          We affirm. 
Background
          In January 2004, several Houston Police Officers participated in a narcotics
investigation that resulted in appellant’s arrest. A confidential informant, C. Boeing,
assisted the police by calling appellant and setting up a drug deal. Originally, the
transaction was supposed to take place at the Hot Shots Billiards and Arcade;
however, appellant changed the meeting place to an Eckerd’s drug store. Boeing and
his car were searched prior to leaving the police station and prior to leaving Hot
Shots. No narcotics were found at either time.
          The plan was for Boeing to get inside the truck appellant was driving


 and ask
to see the $600.00 worth of cocaine he had asked to buy. Once he had seen the drugs,
Boeing was to have appellant follow him to a check cashing location so Boeing’s
roommate could give him money to buy the drugs. The police were going to pull
appellant over for a routine traffic violation while he was en route to the store and
arrest him for the cocaine. However, once appellant met Boeing, he told Boeing that
he would wait in the Eckerd’s parking lot while Boeing went to meet his roommate
and get the money. After Boeing left the parking lot, he met Officer Full about two
blocks away. Boeing told Officer Full that appellant had pulled a bag of cocaine from
his pants pocket and showed it to Boeing. Officer Full then radioed the other officers
waiting nearby. The officers immediately approached appellant’s truck and arrested
him. 
          Officers Opperman and Novak were the first to reach appellant’s truck. As
Opperman approached the driver’s side of the car, he saw appellant’s hands moving
near the center console. Appellant consented to a search of the vehicle, and
Opperman entered the truck and opened the center console from the driver’s seat. He
found 7.2 grams of crack cocaine in the center console. 
          At trial, appellant attempted to argue that Boeing planted the drugs in question.
E. Harvey, appellant’s common law wife, testified that Boeing owed her $600 as a
result of a used car deal. She stated that she had threatened to sue Boeing several
times in order to recover the $600 debt. Harvey also testified that the console where
the drugs were found could only be opened from the passenger side of the vehicle,
although she admitted that the console could be adjusted to open from the driver’s
side. 
 
Discussion
          In two points of error, appellant contends that the State did not affirmatively
link him to the drugs; thus, he argues that the evidence was legally and factually
insufficient to sustain his conviction. 
          Proof of Possession 
          To prove unlawful possession of a controlled substance, the State must
establish that (1) the accused exercised actual care, custody, control, or management
over the contraband and (2) the accused knew the matter was contraband. Tex.
Health & Safety Code Ann. §§ 481.002, 481.115; King v. State, 895 S.W.2d 701,
703 (Tex. Crim. App. 1995); Reynolds v. State, 981 S.W.2d 926, 928 (Tex. App.
—Houston [1st Dist.] 1998, no pet.). However, the defendant’s mere presence in the
same place as the contraband is not sufficient, in and of itself, to justify a finding of
possession. Harrison v. State, 555 S.W.2d 736, 737 (Tex. Crim. App. 1977). When,
as here, contraband is not found on the appellant’s person, the evidence must
affirmatively link it to the defendant so that it can be reasonably inferred he knew
about it and exercised control over it. Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). Affirmative links are facts and
circumstances that create a reasonable inference that the accused was conscious of his
connection with the contraband and knew that it was contraband. See Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
          The factors used to establish affirmative links include the following: (1) the
defendant was present when the drugs were found; (2) the drugs were in plain view;
(3) the defendant was in proximity to the drugs and had access to them; (4) the
defendant was under the influence of drugs when arrested; (5) the defendant
possessed other contraband; (6) the defendant made incriminating statements when
he was arrested; (7) the defendant attempted to flee; (8) the defendant made furtive
gestures; (9) there was an odor of drugs; (10) the defendant had the right to possess
the place where the drugs were found; (11) the drugs were found in an enclosed
place; (12) the amount of drugs found was significant; and (13) the defendant
possessed weapons. Hurtado v. State, 881 S.W.2d 738, 743 n.1 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d). Courts have also considered (14) any traces of the
contraband found; (15) any large sum of money found on the accused; and (16) the
amount of contraband found. Whitworth v. State, 808 S.W.2d 566, 569 (Tex.
App.—Austin 1991, pet. ref’d); Roberson, 80 S.W.3d at 740, 742; Poindexter v.
State, 153 S.W.3d 402, 412 (Tex. Crim. App. 2005). The number of factors is not as
important as the logical force they have in establishing the elements of the offense. 
Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d). To meet the standard, the affirmative links must show that the accused’s
connection with the contraband was more than fortuitous. Brown, 911 S.W.2d at 747.
          Standard of Review
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562. 
          We begin a factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
483 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility to be accorded any witness’s
testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight
to give contradictory testimonial evidence is within the sole province of the fact
finder because it turns on an evaluation of credibility and demeanor; the fact finder
may choose to believe all, some, or none of the testimony presented. Id. at 407–09. 
We must defer appropriately to the fact finder to avoid substituting our judgment for
its judgment. Zuniga, 144 S.W.3d at 481–82. 
          Evidence of Affirmative Links
          Here, several factors affirmatively link appellant to the contraband, including:
(1) appellant’s convenient access to the cocaine; (2) his lawful control and possession
of the truck where the drugs were found; (3) Boeing’s testimony that appellant
directly possessed the drugs shortly before being arrested; (4) Opperman’s
observation of appellant reaching toward the console that housed the contraband; and
(5) the fact that appellant was the driver of the truck at the time of his arrest. The 
logical force of these factors suffices to affirmatively link appellant to the drugs in
question. See Roberson, 80 S.W.3d at 735.
          Appellant cites Dixon v. State in support of his contention that the State failed
to affirmatively link him to the cocaine. 918 S.W.2d 678 (Tex. App.—Beaumont
1996, no pet.). In Dixon, the defendant was a passenger in a car pulled over by the
police. Id. at 679. Upon searching the vehicle, officers discovered contraband hidden
in the trunk. Id. at 680. Though Dixon acted nervous and gave conflicting stories, the
court reversed his conviction due to a lack of evidence affirmatively linking him to
the contraband. Id. at 681–82. In attempting to harmonize the Dixon case with his
own, appellant notes that he, like Dixon, did not make incriminating statements, did
not attempt to flee, did not own the vehicle at issue, and did not appear to be using
drugs or to be under the influence of drugs. Appellant fails, however, to account for
critical distinctions. Unlike Dixon, appellant had convenient access to the drugs, was
the vehicle’s sole occupant and driver, was observed by Boeing to be in direct
possession of the drugs, and was witnessed by Opperman making furtive gestures
toward where the drugs were ultimately located.
          The crux of appellant’s challenge to the sufficiency of the evidence is his
implied claim that Boeing planted the drugs in appellant’s truck in an effort to frame
him. Appellant bolsters this claim by asserting that the console where the drugs were
found could only be opened from the passenger side of the vehicle, and he notes that
Boeing was the last person to sit in the passenger seat before appellant’s arrest.
Appellant’s trial counsel vigorously cross-examined Boeing, and the jury chose to
believe his testimony. We are not at liberty to substitute our judgment for that of the
fact finder. See Cain, 958 S.W.2d at 407. Moreover, we note that Harvey testified
that the console could be adjusted to open from the driver’s side, and that Opperman
entered the truck from that side and experienced no difficulty accessing the cocaine.
We conclude that the evidence was both legally and factually sufficient to
affirmatively link appellant to the cocaine. 
          We overrule appellant’s first and second points of error. 
                                                                  
Conclusion
We affirm the judgment of the trial court.
 

 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. See Tex. R. App. P. 47.2(b).