Shirley HARRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53609.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Rehearing Denied Oct. 12, 1977.

Will Gray, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and George O. Jacobs, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the possession of heroin. The punishment assessed by a jury is imprisonment for 20 years.

The appellant and her husband, although separately indicted, were tried together before the same jury; both received the same punishment. The appellant's husband's appeal was affirmed by a Per Curiam opinion on June 14, 1977. The grounds of error in both appeals are the same except that the appellant, in her appeal, also contends that the evidence is insufficient to support the jury's verdict. We agree that the evidence is insufficient; the judgment will be reversed.

To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, control, and management over

the contraband, and (2) that the accused knew the matter possessed was contraband. *Rice v. State*, 548 S.W.2d 725 (Tex.Cr.App. 1977); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976); *Payne v. State*, 480 S.W.2d 732 (Tex.Cr.App.1972); *Ramos v. State*, 478 S.W.2d 102 (Tex.Cr.App.1972); *Rodriguez v. State*, 372 S.W.2d 541 (Tex.Cr. App.1963).

■ Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Hernandez v. State*, supra; *Williams v. State*, 524 S.W.2d 705 (Tex.Cr.App.1975); *Shortnacy v. State*, 474 S.W.2d 713 (Tex.Cr.App.1972); *Harvey v. State*, 487 S.W.2d 75 (Tex.Cr. App.1972). However, a finding of joint possession cannot be justified solely by proof of mere presence of an accused at a place where contraband is being used or possessed. *Hernandez v. State, supra; Williams v. State, supra; Brooks v. State*, 529 S.W.2d 535 (Tex.Cr.App.1975); *Payne v. State*, supra; *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App.1972); *Kinkle v. State*, 474 S.W.2d 704 (Tex.Cr.App.1972); *Reid v. State*, 474 S.W.2d 702 (Tex.Cr.App.1972); *Culmore v. State*, 447 S.W.2d 915 (Tex.Cr. App.1969). Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and of its whereabouts. *Hernandez v. State*, supra; *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1976); *Payne v. State*, supra; *Hineline v. State*, 502 S.W.2d 703 (Tex.Cr.App.1973); *Powell v. State*, 502 S.W.2d 705 (Tex.Cr.App.1973). This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1976); *Hineline v. State*, supra; *Alba v. State*, 492 S.W.2d 555 (Tex. Cr.App.1973); *Woolridge v. State*, 514 S.W.2d 257 (Tex.Cr.App.1974).

■ We now consider the evidence in this voluminous record from which the State says: "That [appellant] was distinctively connected to the crime is without question." At approximately 9:00 p.m. on October 3, 1973, a number of officers of the Harris County Sheriff's Office and the Narcotics Service of the Texas Department of Public Safety went to 1508 Pannell Street, in the Fifth Ward, just off Lyons Avenue in Houston, armed with a search warrant.

The house searched was the residence of the appellant and her husband. The doors and windows of the house were covered and secured by steel bars. The front door was held by steel bars on the inside. The officers gained entrance to the house through the front door by battering it down with a sixteen pound sledge hammer, through a window after pushing an air conditioning unit into the house, and through a window after bending the steel bars with a sledge hammer.

While some of the officers were gaining entry, others surrounded the house. The officers made their presence known and demanded that they be admitted to the house. Officers heard two people running in the house. An officer who was outside the window near the kitchen sink heard water running and broke the window with his pistol. He saw the appellant's husband disposing of heroin in the sink. The officer fired a shot into the sink and warned the appellant's husband to stop. He dropped down out of sight and the officer could see his hand coming up over the sink disposing of the heroin. After officers entered the house they found thirteen packets of heroin near the kitchen sink in close proximity to the appellant's husband. The officers searched the appellant and the house and were unable to find any other narcotics.

When the officers came into the house the appellant was in the living room, seated on a sofa holding two dogs and talking to them. There is no testimony that she had fresh needle marks on her arms; there is evidence that she had been on a methadone treatment program. The complete record of this treatment was offered in evidence for a bill of exception by the appellant's counsel. These records showed that period-

ic tests of the appellant's urine made for one year prior to the raid revealed no evidence that she was using heroin. There is no evidence as to how long the heroin found had been in the house.

In *Williams v. State*, 498 S.W.2d 340 (Tex.Cr.App.1973) the majority of this Court held that evidence which was stronger than that presented in this case was insufficient to sustain the conviction for the possession of heroin. We quote from that opinion:

"The conviction will be reversed. At most the evidence shows that: (1) even though the appellant was in the trailer house at the time the search warrant was executed, he was not found to be in personal possession of narcotics; (2) since four other persons were present on the scene, and the evidence shows 'were also staying there,' when the search warrant was executed, appellant was not shown to be in exclusive possession; (3) since the narcotics in question were found on the dressing table in one bedroom, and appellant was in the kitchen of the trailer, sufficient 'close proximity' is not shown; (4) even though 'needle marks' were on appellant's arm, the witness testified that they could not determine whether they were recent; (5) even though the evidence shows that the utility bills for the trailer were in appellant's name, no other evidence, other than the fact of appellant's presence, was introduced to show he occupied the premises. See and compare *Collini v. State*, Tex.Cr.App., 487 S.W.2d 132; *Harvey v. State*, Tex.Cr. App., 487 S.W.2d 75; *Hausman v. State*, Tex.Cr.App., 480 S.W.2d 721; *Payne v. State*, Tex.Cr.App., 480 S.W.2d 732; *Carr v. State*, Tex.Cr.App., 480 S.W.2d 678; *Ramos v. State*, Tex.Cr.App., 478 S.W.2d 102; *Haynes v. State*, Tex.Cr.App., 475 S.W.2d 739."

The evidence is insufficient to sustain the jury's verdict. The judgment is reversed and the cause is remanded.

Opinion approved by the Court.