In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-384 CR


____________________



PERNELL FRANCIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 80408






O P I N I O N


 A jury convicted Pernell Francis of unlawful possession of a firearm by a felon. 
The trial court sentenced Francis to eight years' confinement in the Texas Department of
Criminal Justice, Institutional Division. Francis appeals claiming the evidence is legally
and factually insufficient to support his conviction.

 Specifically, Francis argues the State failed to establish possession, i.e., that he had
actual care, custody, control or management of the firearm. 

 We analyze the sufficiency of the evidence in cases involving possession of
a firearm by a felon under the rules adopted for determining the sufficiency
of the evidence in cases of possession of a controlled substance. Therefore,
the State was required to prove that appellant knew of the weapon's existence
and that he exercised actual care, custody, control, or management over it. 
When the accused is not in exclusive control of the place the contraband is
found, there must be independent facts and circumstances linking the accused
to the contraband.


Corpus v. State, 30 S.W.3d 35, 37-38 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd)
(citations omitted).

 The loaded shotgun was found on the driver's side of the back seat covered by a
blue-jean jacket. Francis was in the back seat on the passenger's side. As they
approached the vehicle, both Officer Winston and Officer Suarez observed Francis making
furtive movements. 

 Jermaine Turner and Percy Francis testified they picked Pernell Francis up from
work and were then pulled over by the police. Turner said Pernell did not have any
weapons with him and did not know the shotgun was there. Percy testified Pernell had no
knowledge of the shotgun in the back seat. Toney Keys testified that on the day in
question, Pernell was at his residence laying linoleum. According to Keys, during the
entire time Pernell was there, he did not have a shotgun. 

 The gun was within reach of Pernell, had been covered up, and after being stopped,
Pernell was observed making "furtive" movements. 

 [T]he evidence must affirmatively link the accused to the unlawful weapon
in such a manner and to such an extent that a reasonable inference may arise
that defendant knew of the weapon and that he exercized control over it. 
Such affirmative link may be established by showing additional facts and
circumstances which indicate the accused's knowledge and control of the
weapon. Dubry v. State, 582 S.W.2d 841, 843 (Tex.Crim.App.1979). 


Vela v. State, 681 S.W.2d 739, 740-41 (Tex. App.--Houston [14th Dist.] 1984, pet. ref'd). 
Pernell's knowledge and control of the shotgun are proved circumstantially by his furtive
movements and close proximity and access to it. These facts establish more than Pernell's
simple presence at the place of possession, which by itself would be insufficient. See
Harrison v. State, 555 S.W.2d 736 (Tex. Crim. App. 1977). Taking the evidence in the
light most favorable to the verdict, we conclude a rational trier of fact could have found
beyond a reasonable doubt all of the essential elements of the offense charged, including
knowledge and control over the weapon. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979). Point of error one is overruled. 

 Further, considering all the evidence without the prism of in the light most favorable
to the verdict, the verdict is not so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996). Point of error two is overruled. The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on November 21, 2001 

Opinion Delivered December 5, 2001

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.