NO. 12-02-00278-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BRENDA KAY MIMS,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Brenda Kay Mims ("Appellant") appeals the trial court's order revoking her community
supervision. Appellant raises three issues on appeal. We affirm.


Background Following her negotiated guilty plea to theft, the trial judge placed Appellant on "shock
probation" pursuant to the plea agreement. She served over 120 days in the penitentiary, and was
then placed on probation for ten years. Four years later, the State of Texas (the "State") filed a
motion to revoke Appellant's probation alleging she violated the terms of her probation. Appellant
pleaded "not true," and a hearing was conducted on the State's motion. 

 During the hearing, Shelby Green ("Green"), Sergeant Investigator of the Anderson County
Sheriff's Department assigned to the Dogwood Trails Narcotics Task Force, testified he met with
a confidential informant ("CI"). The CI indicated that within the previous 48 hours, he had been at
the residence of Appellant and Carl Lee Roberts ("Roberts"). There, the CI observed coffee filters
containing a red substance, clear baggies containing red phosphorous, and numerous
pseudoephedrine packages. This information was consistent with Green's ongoing investigation of
the residence and his suspicions that it was being used as a clandestine methamphetamine lab. 

 Green testified that a search warrant was executed at the residence in which Appellant and
three other individuals were found in a bedroom. The house contained various items used in the
production of methamphetamine. Containers of methamphetamine were found as well, one in the
bedroom with Appellant. At the conclusion of the hearing, the court revoked Appellant's probation
based on a finding that Appellant possessed methamphetamine and that she failed to avoid persons
or places of disreputable or harmful character in violation of her probation terms. The trial court
sentenced her to six years of imprisonment.


Sufficiency of the Evidence


Standard of Review

 In her first issue, Appellant contends that the evidence is legally insufficient to support the
trial court's finding of "true" to each of two violations. Legal sufficiency is the constitutional
minimum required by the Due Process Clause of the Fourteenth Amendment. Jackson v. Virginia,
443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6
S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). In reviewing the legal sufficiency of evidence,
we examine the evidence in the light most favorable to the judgment to determine whether a rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim.
App. 1993). 

 When addressing a legal sufficiency challenge in a probation revocation, we must "review
the evidence in the light most favorable to the court's order and determine whether the trial court
abused its discretion." Arterberry v. State, 800 S.W.2d 580, 580 (Tex. App.-Tyler 1990, no pet.). 
To satisfy its burden of proof, the State must prove that the greater weight of the credible evidence
creates a reasonable belief that a condition of probation was violated as alleged in the motion to
revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State failed to meet its
burden of proof, the trial court abuses its discretion in issuing an order to revoke probation. 
Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).


Discussion

 Appellant first contends that the evidence is insufficient to show an affirmative link between
herself and the contraband that would support a reasonable inference that she knew she was in
possession of the methamphetamine. To establish unlawful possession of a controlled substance,
the State must prove an accused exercised care, control, and management over the contraband and
that she knew the matter possessed was contraband. Harrison v. State, 555 S.W.2d 736, 736-37
(Tex. Crim. App. 1977). Possession of the contraband need not be exclusive, and evidence of joint
possession with another is sufficient. Id. at 737. Mere presence at a place where the substance is
possessed does not, in itself, justify a finding of possession. Id. Where the accused is not in
exclusive control of the place where the substance is found, it cannot be concluded that she had
knowledge of the contraband and control of it unless there are additional independent facts and
circumstances that affirmatively link her to the contraband. Id. 

 Appellant was not in exclusive control of the residence where methamphetamine was found. 
Therefore, we must examine the record to find additional facts and circumstances that affirmatively
link Appellant and the contraband. Those circumstances may include whether (1) she was present
when the search was executed; (2) the contraband was in plain view; (3) the contraband was in close
proximity to or easily accessible by Appellant; (4) she was under the influence of the contraband;
(5) she was in possession of other contraband when arrested; (6) she made incriminating statements
upon arrest; (7) she attempted to flee; (8) she made furtive gestures; (9) there was an odor of the
contraband present; (10) other contraband or drug paraphernalia were present; (11) she owned or had
a right to possess the place where the contraband was found; (12) the contraband was found in an
enclosed place; (13) there was a significant amount of contraband; and (14) she possessed weapons
or large amounts of cash. See de la Garza v. State, 898 S.W.2d 376, 379 (Tex. App.-San Antonio
1995, no pet.); Hernandez v. State, 867 S.W.2d 900, 904 (Tex. App.-Texarkana 1993, no pet.). 
This list is not exhaustive and the number of affirmative links found is not as important as the degree
to which they tend to link Appellant to the contraband. See Williams v. State, 906 S.W.2d 58, 65
(Tex. App.-Tyler 1995, pet. ref'd). 

 Although no contraband was found on Appellant's person, there is evidence affirmatively
linking her to the contraband. After obtaining a search warrant, the officers entered the residence. 
They discovered Appellant in a bedroom in which the officers found a clear plastic baggie containing
an off-white powdery substance that was later positively identified as methamphetamine. During
the search of the residence, the officers also found various containers of methamphetamine as well
as raw materials and equipment used to produce methamphetamine. Although testimony varied, the
evidence reveals that officers recovered between 5.68 grams to 19.7 grams of methamphetamine in
the enclosed area of the residence. 

 Furthermore, Kenneth Graham ("Graham"), an investigator with the Deep East Texas
Regional Narcotics Trafficking Task Force, testified that anyone walking in the residence could not
fail to notice the residence was used as a methamphetamine lab due to all the items scattered about
the house in open view. The items found are used in methamphetamine production - a reaction
vessel with plastic tubing taped to it, glass drying pans, assorted glass jars, scales, baggies, camp
fuel, denatured alcohol, acetone, sodium hydroxide, numerous pseudoephedrine packages, red
phosphorous, and iodine crystals. Graham testified that he knows of no household use for red
phosphorous or iodine crystals. Additionally, the CI gave specific details of many of the same items
he witnessed in the residence 48 hours prior to the execution of the search warrant. 

 Finally, Green and the CI believed Appellant lived at the residence. Various witnesses
testified they had seen Appellant at the residence. Her purse, identification, and clothing believed
to be hers were found in the residence, further corroborating that Appellant lived there and thus, had
the right to possess the place where the contraband was found.

 In sum, the evidence shows that (1) Appellant was present when the search was executed;
(2) the contraband was in plain view; (3) the contraband was in close proximity to or easily
accessible by Appellant; (4) other contraband or drug paraphernalia were present; (5) Appellant
owned or had a right to possess the place where the contraband was found; (6) the contraband was
found in an enclosed place; and (7) there was a significant amount of contraband. Therefore, based
upon our review of the record and viewing the evidence in the light most favorable to the trial court's
order, we conclude the State met its burden of affirmatively linking Appellant to the
methamphetamine. Consequently, a rational trier of fact could have found beyond a reasonable
doubt that Appellant possessed methamphetamine. The trial court did not abuse its discretion in
revoking Appellant's probation on this ground. Appellant's issue one is overruled.

Conclusion

 Proof by a preponderance of the evidence of any one of the alleged violations of the probation
conditions is sufficient to support the revocation order. Moses v. State, 590 S.W.2d 469, 469 (Tex.
Crim. App. 1979). Therefore, we need not address issues two and three. Tex. R. App. P. 47.1. 
Having overruled Appellant's issue one, the trial court's order revoking Appellant's community
supervision is affirmed. 




 DIANE DEVASTO 

 Justice



Opinion delivered October 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



















(DO NOT PUBLISH)