Opinion Issued February 5, 2004 
 
 
 









     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01002-CR




DAVID THOMAS WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 857240




MEMORANDUM OPINION

          Appellant, David Thomas Wilson, was charged with and pleaded not guilty to
possession with intent to deliver a controlled substance, cocaine, weighing at least
400 grams by aggregate weight. A jury found appellant guilty, and assessed his
punishment at 40 years’ confinement and a $21,800 fine. In six points of error,
appellant challenges (1) the admission of Officer Bradley’s testimony that appellant
showed the officer where the drugs were located when appellant never waived his
Miranda rights; (2) the legal and factual sufficiency of the evidence; and (3) the trial
court’s denial of his motion for new trial based on ineffective assistance of counsel. 
We affirm. 
Background
          Officer Robert Bradley, a Houston Police Department undercover narcotics
officer, received information that an individual was distributing cocaine at his 6130
Belmark residence in Houston, Texas. Motor vehicle records and other documents
indicated that appellant lived at the 6130 Belmark address. Both appellant and his
wife testified and admitted that they lived at the residence. 
          On September 30, 2000, Bradley and other officers went to the 6130 Belmark
residence to execute a search warrant. Bradley entered the home to execute the
search warrant and found appellant in a back bedroom. Bradley apprehended
appellant, handcuffed him, brought him into the living room, and searched him. 
Bradley found $21,800 in cash, packaged and folded in rubber bands, on appellant. 
          Bradley informed appellant why the officers were at his home and read
appellant his Miranda warnings from a blue card supplied by the Harris County
District Attorney’s Office.


 After ensuring appellant understood his Miranda rights,
Bradley “told [appellant] what we were looking for and [ ] asked him if he would just
show us if there was any contraband in the house.” Appellant started walking toward
the bedroom, and, once inside, appellant directed the officers to a spot on the floor
and to a dresser where police recovered approximately 16 pounds of marijuana. 
Appellant then led the officers into the kitchen and showed Bradley a “cookie of
cocaine” under the kitchen counter inside a measuring cup. Appellant did not direct
the officers to any other locations in the home where contraband could be located.
          Bradley and other officers then searched the house with assistance from Officer
Doyle and his certified drug-detecting dog. The search revealed additional amounts
of cocaine and marijuana inside the house. In addition to the narcotics, police found
various weapons. Dennis Green, a chemist with the Houston Police Department’s
crime laboratory, analyzed the contraband and concluded that it was 39.4 pounds of
marijuana and 403 grams of cocaine. 
Discussion
Waiver of Miranda Rights
          In his first point of error, appellant argues that the trial court erred in “allowing
Officer Bradley to testify that the appellant showed the officer where cocaine and
marijuana were located inside the house, where the appellant never affirmatively
waived his right [to] remain silent under Miranda.” 
          Appellant has not preserved error for our review on this point. At trial,
appellant objected to Officer Bradley’s testimony on the grounds that appellant’s
statements were inadmissible because appellant was in custody and subjected to
illegal questioning by the officer. Appellant argued that
Officer Bradley questioned my client at the scene. And he
was in custody at the time. So he gave an oral statement
while in custody. My objection is that it’s not admissible
because it’s an oral statement while in custody. And that
what should be suppressed are the fruits as a result of that
illegal questioning by the police officer. . . .”

Appellant failed to object during trial on the grounds that the police failed to secure
an affirmative waiver of appellant’s Miranda rights, as he argues on appeal. Because
appellant’s complaint on appeal does not comport with his trial objection, he has
failed to preserve error. See Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App.
2003). Accordingly, we overrule appellant’s first point. 
Sufficiency of the Evidence
          In his second through fifth points of error, appellant contends there is
insufficient evidence to support his conviction. 
          In reviewing a claim of legal insufficiency, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423
(Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). We resolve any inconsistencies
in the evidence in favor of the verdict. See Curry v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000). We are not permitted to substitute our judgment for that of the
jury. King, 29 S.W.3d at 562. 
          In reviewing factual sufficiency, we examine all the evidence neutrally and ask
whether the proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim.
App. 2003); King, 29 S.W.3d at 563. While conducting our analysis, if there is
probative evidence supporting the verdict, we must avoid substituting our judgment
for that of the trier-of-fact, even when we disagree with the determination. King, 29
S.W.3d at 563. The trier-of-fact is the sole judge of the weight and credibility of the
witness’s testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
          Affirmative Links
          In his second and third points of error, appellant argues that the evidence is
legally and factually insufficient because the “State failed to affirmatively link the
appellant to the cocaine found inside the house.” 
          Under the law applicable to this case, to establish unlawful possession of a
controlled substance, the State must prove (1) that the accused exercised care, control,
custody, or management over the contraband and (2) that he knew the matter
possessed was contraband. Tex. Health & Safety Code Ann. §§ 481.002, 481.115
(Vernon 2003); King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); 
Reynolds v. State, 981 S.W.2d 926, 928 (Tex. App.—Houston [1st Dist.] 1998, no
pet.). Possession of the contraband need not be exclusive. Harrison v. State, 555
S.W.2d 736, 737 (Tex. Crim. App. 1977). Mere presence at a place where the
substance is possessed does not, in itself, justify a finding of possession. Id. Where
the accused is not in exclusive control over the contraband, the State must
affirmatively link the defendant with the drugs. Cude v. State, 716 S.W.2d 46, 47
(Tex. Crim. App. 1986). Affirmative links demonstrate that the defendant was
conscious of his connection with the contraband and knew what it was. Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Circumstantial evidence is
sufficient to prove possession as long as the evidence affirmatively links the accused
to the contraband by showing that his connection with it was more than fortuitous. 
Id. 
          Affirmative links are “those secondary facts that indicate the accused’s
knowledge and control of the contraband.” Martinets v. State, 884 S.W.2d 185, 188
(Tex. App.—Austin 1994, no pet.). The factors that establish affirmative links include
whether (1) the defendant was present when the drugs were found; (2) the contraband
was in plain view; (3) the defendant was in proximity to the drugs and had access to
them; (4) the defendant was under the influence of drugs when arrested; (5) the
defendant possessed other contraband; (6) the defendant made incriminating
statements when arrested; (7) the defendant attempted to flee; (8) the defendant made
furtive gestures; (9) there was an odor of drugs; (10) the defendant owned or had the
right to possess the place where the drugs were found; (11) the drugs were found in
an enclosed place; (12) the amount of drugs found was significant; (13) the defendant
possessed weapons; and (14) the defendant possessed a large amount of cash. Robles
v. State, 104 S.W.3d 649, 651 (Tex. App.—Houston [1st Dist.] 2003, no pet.);
Hurtado v. State, 881 S.W.2d 738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d). None of these factors are necessarily determinative; when examining the
affirmative links, the number of factors present is not as important as the logical force
they have in establishing the offense and the degree to which they, alone or together,
tend to affirmatively link the accused to the drug. Hurtado, 881 S.W.2d at 743;
Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d). We view the totality of the facts and circumstances. Sosa v. State, 845 S.W.2d
479, 483-84 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). The evidence need not
exclude every reasonable hypothesis other than the defendant’s guilt, but it must
show facts and circumstances that demonstrate the defendant’s knowledge and
control of the contraband. Brown, 911 S.W.2d at 748. 
          The evidence in this case establishes affirmative links that raise reasonable
inferences of appellant’s knowledge and control of the cocaine. Appellant was the
only person in the home when police executed the search warrant and recovered the
drugs. Appellant admitted to owning the house where the drugs were found and led
officers to locations inside his house where narcotics were found. Officers later
found additional drugs in the house with the assistance of a drug-certified dog. 
Bradley recovered a large amount of cash, $21,800, from appellant’s possession and
found several weapons in the home. The amount of narcotics found was also
significant—39.4 pounds of marijuana and 403 grams of cocaine. 
          Viewing the evidence in the light most favorable to the verdict, we find that the
evidence is legally sufficient to support the jury’s finding that appellant knowingly
possessed cocaine. Viewing the evidence neutrally, we find that the jury could have
reasonably concluded from the evidence that appellant knowingly possessed cocaine. 
A jury decision is not manifestly unjust merely because the jury resolved conflicting
testimony in favor of the State.


 Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997). We hold that the evidence was legally and factually sufficient to support the
jury’s finding that appellant was guilty of possession of cocaine. We overrule
appellant’s second and third points of error. 
          Knowing Possession 
          In his fourth and fifth points of error, appellant argues that the evidence was
insufficient to support appellant’s conviction because the “State failed to show that
appellant was aware of the nature of the substance and his control over the same for
a sufficient period of time for him to have terminated control over the same.”
          Section 6.01(b) of the Texas Penal Code allows the State to prove knowing
possession by showing either that an accused knowingly obtained or received the item
or that he controlled the item long enough to terminate his control over it. Tex. Pen.
Code Ann. § 6.01(b) (Vernon 2003). This is not a case of temporary possession of
narcotics. Rather, the evidence in this case affirmatively links appellant to the
offense and indicates that he had ongoing control over the contraband long enough
to terminate his control over it. See Rabbani v. State, 847 S.W.2d 555, 558 (Tex.
Crim. App. 1992). We overrule appellant’s fourth and fifth points. 
          Motion for New Trial
          In his sixth point of error, appellant argues that the trial court erred in
overruling his motion for new trial “where the appellant received ineffective
assistance of counsel at trial.” After being convicted, appellant filed a motion for new
trial alleging ineffective assistance of counsel. The trial court heard appellant’s
motion on affidavits and subsequently denied his motion. 
          Ineffective assistance of counsel may be raised in a motion for new trial. State
v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993); Reyes v. State, 849
S.W.2d 812, 815 (Tex. Crim. App. 1993). Because the decision on a motion for new
trial rests within the sound discretion of the trial court, the standard of review of
review on appeal is whether the trial court abused its discretion. Tollett v. State, 799
S.W.2d 256, 259 (Tex. Crim. App. 1990). In the absence of an abuse of discretion,
appellate courts are not justified in reversing the judgment. Gonzales, 855 S.W.2d
at 696. 
            In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 687 104 S. Ct. 2052, 2064 (1984); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999). First, the defendant must show that
his counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id. Second, the defendant must show
prejudice. This requires the defendant to show that there is a reasonable probability
that, but for his counsel’s unprofessional errors, the result of the proceeding would
have been different. Id. at 694, 104 S. Ct. at 2068. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Id. The failure to
satisfy one prong of the Strickland test negates a court’s need to consider the other. 
Id. at 697, 104 S. Ct. at 2069. Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the presumption
that trial counsel’s strategy was sound and affirmatively demonstrate the alleged
ineffective assistance of counsel. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim.
App. 2003); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); Thompson,
9 S.W.3d at 813-14. 
            In the present case, appellant’s motion for new trial based on ineffective
assistance of counsel alleged that appellant’s trial counsel, Mike G. Hernandez, was
ineffective for two reasons: (1) counsel did not perform adequately because he had
not been compensated to try appellant’s case for a third time and (2) counsel failed
to call K.C. Harris, a material witness, during the guilt or innocence stage. Hernandez
filed an affidavit admitting that he stated in a motion to withdraw that he was
representing appellant pro-bono and that, as a result, he would be ineffective, but
Hernandez then states in the affidavit that appellant did pay him and that he was
effective in his representation of appellant. The affidavit also reveals Hernandez’s
reasons for not calling K.C. Harris to testify: “ I did not call K.C. Harris to testify. 
His testimony was not going to be in accordance with our defense.” Although
appellant did produce some affidavits in support of his motion for new trial claim
based on ineffective assistance of counsel, the trial court determined that appellant
failed to overcome the presumption that his counsel was effective. 
          In considering a motion for new trial, the trial court possesses broad discretion
in assessing the credibility of witnesses and in weighing the evidence to determine
whether a different result would occur upon retrial. Messer v. State, 757 S.W.2d 820,
827-28 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). Appellant has not shown
that his trial counsel’s representation fell below an objective standard of
reasonableness. We hold that the trial court did not abuse its discretion in denying
appellant’s motion for new trial based on ineffective assistance of counsel claims. 
We overrule appellant’s sixth point of error.  
Conclusion
          We affirm the judgment. 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b)