

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| GARY VANN, | § | No. 08-13-00104-CR |
| Appellant, | § | Appeal from |
| v. | § | 362nd District Court |
| THE STATE OF TEXAS, | § | of Denton County, Texas |
| Appellee. | § | (TC # F-2011-1477-D) |
|  | § |  |

# **O P I N I O N**

Gary Vann appeals his conviction of possession of more than one gram but less than four grams of cocaine, enhanced by two prior felony convictions. Appellant was charged with possession of cocaine with intent to deliver but the jury found him guilty of the lesser-included offense of possession of cocaine. The jury found both enhancement paragraphs true and assessed Appellant's punishment at imprisonment for forty-five years. We affirm.

## **FACTUAL SUMMARY**

Kendall Leonard is a detective with the Flower Mound Police Department and he works in the Primary Response Unit which is responsible for narcotics and vice crime-related offenses. He received a tip from a reliable confidential informant that Appellant was at the Wellington Park Apartments in Lewisville but he would be leaving and would have drugs in the gas-filler area of his pickup truck. Leonard did not have jurisdiction in Lewisville so he forwarded the

information to two Lewisville police officers assigned to the Narcotics Division, Steven Newkirk and Duke Lee.

Newkirk determined that Appellant's driver's license was suspended and he had outstanding warrants from Dallas County. Newkirk decided to investigate further by conducting surveillance on the apartment complex and on Appellant's pickup truck. Before leaving the police department, Newkirk briefed Officer Bradley Showalter on the situation and asked him to go to the apartment complex area in a marked patrol unit in the event it became necessary to make a traffic stop on Appellant. Bradley drove to the area and waited outside of the apartment complex. Newkirk and Lee, who were dressed in plain clothes, arrived at the complex and began conducting surveillance on the pickup truck and the apartment. Within fifteen or twenty minutes, Appellant and a woman exited the apartment and walked over to the truck. Appellant opened the hood of the truck and appeared to place something inside of the engine compartment. He closed the hood, got in the vehicle, and drove away from the apartment complex. Newkirk and Lee followed Appellant and they stayed in radio contact with Showalter by radio until he stopped Appellant's vehicle.

After stopping the vehicle, Showalter confirmed through dispatch that Appellant's license was suspended and he had outstanding warrants. Appellant was the only adult in the vehicle.[1] Showalter placed Appellant under arrest for driving with a suspended license and pursuant to the warrants. A woman arrived at the scene and asked for the vehicle to be released to her but Showalter refused because he believed that it contained contraband. Officers subsequently searched the vehicle and found a Mason jar containing three small baggies of marihuana in the

[1] A small child was in the vehicle with Appellant.

engine compartment. Additionally, they opened the gas filler door and found several baggies containing a total of 2.52 grams of cocaine, 3.24 grams of hydrocodone with acetaminophen (five pills), several white bars of alprazolam weighing a total of 14.62 grams, and two sertraline hydrochloride pills. Cocaine typically sells on the street for $200 to $600 per gram, and alprazolam and hydrocodone sells for $5 to $10 per pill.

## SUFFICIENCY OF THE EVIDENCE

In Point of Error One, Appellant challenges the sufficiency of the evidence to prove that he possessed the cocaine.

### *Standard of Review*

In reviewing the sufficiency of the evidence to determine whether the State proved the elements of the offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895-96 (Tex.Crim.App. 2010), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the jury's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs*, 434 S.W.3d at 170. When reviewing sufficiency of the evidence, we are not permitted to reevaluate the weight and credibility of the evidence or

substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010). Our task is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

In our review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). The standard of review is the same for both direct and circumstantial evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010); *Arzaga v. State*, 86 S.W.3d 767, 777 (Tex.App.--El Paso 2002, no pet.). Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); *Arzaga*, 86 S.W.3d at 777.

### *Possession of a Controlled Substance*

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009). To support a conviction for unlawful possession of a controlled substance, the State must prove: (1) that the defendant exercised care, custody, control, or management over the substance; and (2) that he knew the matter possessed was contraband.

TEX.HEALTH&SAFETY CODE ANN. § 481.115(a)(West 2010); *Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). "Possession" is defined as "actual care, custody, control, or management." TEX.HEALTH& SAFETY CODE ANN. § 481.002(38)(West Supp. 2014); TEX.PENAL CODE ANN. §1.07(a)(39)(West Supp. 2014).

The evidence may be direct or circumstantial, but it must establish "that the accused's connection with the [contraband] was more than just fortuitous." *Poindexter*, 153 S.W.3d at 406, *citing Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). Mere presence in the same place as the controlled substance alone is not sufficient to justify a finding of possession. *Evans*, 202 S.W.3d at 161-62; *Harrison v. State*, 555 S.W.2d 736, 737 (Tex.Crim.App. 1977). However, when a defendant is exerting exclusive control over the vehicle, knowledge of the contents of the vehicle, including knowledge of the contraband may be inferred. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex.App.--El Paso 1995, pet. ref'd). Although knowledge may be inferred when the accused is the sole occupant of a vehicle, courts have cautioned that when contraband is found in a hidden compartment of a vehicle, reliance should not be placed solely upon control of the vehicle to show knowledge. *Menchaca*, 901 S.W.2d at 652. Instead, courts have often required a showing of additional factors or "affirmative links" indicating knowledge. *See Menchaca*, 901 S.W.2d at 652. The "affirmative links" rule protects the innocent bystander -- a relative, friend, or even a stranger to the actual possessor -- from conviction merely because of his fortuitous proximity to someone else's drugs. *Evans*, 202 S.W.3d at 161-62. Presence or proximity, when combined with other evidence, either direct or

circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt. *Id.* at 162.

In the context of a charge of possession of a controlled substance, the following list of nonexclusive links, either singly or in combination, have been found to be sufficient to uphold a conviction: (1) the contraband was in plain view or recovered from an enclosed space; (2) the accused either owned or had the right to possess the place where the drugs were found; (3) the accused was found with a large amount of cash; (4) the narcotic was in close proximity to the accused; (5) the narcotic was conveniently accessible to the accused; (6) a strong residual odor of the narcotic was present; (7) the accused possessed other contraband when arrested; (8) other contraband or drug paraphernalia was present; (9) the physical condition of the accused indicated recent consumption of narcotics when arrested; (10) the accused's conduct indicated a consciousness of guilt; (11) the accused tried to flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the occupants of the premises gave conflicting statements about relevant matters; (15) the accused made incriminating statements when arrested; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *Evans*, 202 S.W.3d at 162 n.12; *Muckleroy v. State*, 206 S.W.3d 746, 748 n. 4 (Tex.App.--Texarkana 2006, pet. ref'd). The legal issue with respect to these links is whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance. *Evans*, 202 S.W.3d at 162 n.9. It is the logical force of such links, rather than the quantity, that is important in determining whether the evidence is legally sufficient to connect the

accused to the contraband. *Evans*, 202 S.W.3d at 162; *Roberson v. State*, 80 S.W.3d 730, 735 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd).

*Application of Law to Facts*

Appellant argues that it is possible a confidential informant who lived in the same apartment complex placed the drugs behind the gas filler door in order to frame Appellant. Appellant presented this theory to the jury and the jury rejected it. The question on appeal is not whether the drugs could have belonged to someone else or could have been planted in the vehicle but whether there are sufficient affirmative links to connect Appellant to the cocaine found hidden behind the gas filler door of the truck.

Several affirmative links are present in this case. At the time Officer Bradley stopped the vehicle, Appellant was the driver and the only adult in the vehicle. As the driver, Appellant had access to the engine compartment and the gas filler area where the cocaine and other drugs were found. The pickup truck was not registered to Appellant but he exercised control over it before leaving the apartment complex by placing something inside of the engine compartment. The officers subsequently found a glass Mason jar containing marihuana inside of the engine compartment. This evidence is significant because it permits an inference that Appellant hid the marihuana inside of the engine compartment and it connects him to the cocaine and other drugs hidden behind the gas filler door. The State presented testimony that both of these areas are commonly used to hide drugs in vehicles. Finally, the evidence also showed that Appellant had $1,860 in cash on his person. The cocaine alone had a street value of $500 to $1,500. Appellant's possession of a large amount of cash, when combined with the drugs found hidden in

the vehicle, gives rise to an inference that he was involved in illegal narcotics activity and it serves as an additional connection to the cocaine.

We conclude that the direct and circumstantial evidence, when taken in the light most favorable to the verdict, showed that Appellant was not an innocent bystander and his proximity to the cocaine was not merely fortuitous. The evidence affirmatively linked Appellant to the cocaine hidden in the vehicle and it is legally sufficient to establish beyond a reasonable doubt that he exercised actual care, custody, control or management of the cocaine. *See Evans*, 202 S.W.3d at 165-66; *Menchaca*, 901 S.W.2d at 652. Issue One is overruled.

## MOTION TO SUPPRESS

In Point of Error Two, Appellant contends that the trial court erred by denying his motion to suppress the cocaine found behind the gas filler door because it was seized in violation of the Fourth Amendment without a warrant or exigent circumstances. The State responds that the warrantless search was reasonable under the automobile exception or as an inventory search.

### *Standard of Review*

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and may choose to believe or disbelieve any or all of the evidence presented before it. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex.Crim.App. 2011); *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). We review a ruling on a motion to suppress using a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); *Guzman v. State*, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997). Under this standard, the trial court's findings of historical fact must be afforded almost total deference provided they are supported by the record.

*Valtierra*, 310 S.W.3d at 447; *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We also defer to the court's determination of mixed questions of law and fact that turn on an assessment of a witness's credibility or demeanor. *Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673. We will review *de novo* the trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor. *See Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673.

*Automobile Exception*

Whether a search is reasonable is a question of law that we review *de novo*. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex.Crim.App. 2004). Reasonableness is measured by examining the totality of the circumstances. *Id*. at 63. A search conducted without a warrant is *per se* unreasonable subject to a few specifically defined and well-delineated exceptions. *McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App. 2003). One of those exceptions is the "automobile exception." *Neal v. State*, 256 S.W.3d 264, 282 (Tex.Crim.App. 2008). Under this exception, officers may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband. *Keehn v. State*, 279 S.W.3d 330, 335 (Tex.Crim.App. 2009). If the automobile exception applies, then the police may search "every part of the vehicle and its contents that may conceal the object of the search." *Neal*, 256 S.W.3d at 282, *quoting United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

Probable cause to search exists when there is a fair probability of finding inculpatory evidence at the location being searched. *Neal*, 256 S.W.3d at 282, *citing Wiede v. State*, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007). When evaluating probable cause in a case involving

information obtained from informants, we apply the "totality of the circumstances" test set out in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Dixon v. State*, 206 S.W.3d 613, 616 (Tex.Crim.App. 2006). Under the *Gates* test, an informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of an informant's report, but they are not independent requirements. *See Dixon*, 206 S.W.3d at 616. They are instead relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations. *Id.* Thus, a deficiency in one element may be compensated for by a strong showing as to the other. *Id.*

In a hearing held outside of the jury's presence, Detective Leonard testified that a confidential informant, "Brandy," had provided him with information four or five times prior to March 8, 2011. He found her to be reliable and credible and when she told him that "something is going to be there, it's there." On March 8, 2011, Brandy told Leonard that Appellant had cocaine in the gas-filler area of his pickup truck, he was at the Wellington Park Apartments in Lewisville, and he would be leaving those apartments. She provided Leonard with a description of Appellant and the pickup truck. Leonard conveyed all of this information to Officer Newkirk in Lewisville. Newkirk did a search on Appellant's driver's license and learned that it was suspended and he had outstanding warrants. Within minutes after obtaining this information, Officers Newkirk and Lee conducted surveillance on the apartment and the pickup truck and they watched Appellant place something in the engine compartment before driving out of the apartment complex. The officers were able to confirm that the confidential informant's descriptions of Appellant and the pickup truck were accurate and he left the apartment as she had

stated he would. Officers Newkirk and Lee conveyed all of the foregoing information to Officer Showalter who stopped Appellant for driving while his license was suspended. After Showalter stopped the vehicle, a woman approached him and asked if she could take the vehicle, but Showalter refused.

The evidence showed that Brandy had been reliable in the past. She gave detailed and verifiable information about Appellant, his truck, his location, the location of drugs in the truck, and that he would be leaving the apartment soon. *See Dixon*, 206 S.W.3d at 616. Officers Newkirk and Lee verified these details except for the actual presence of the cocaine behind the gas filler door. Thus, the evidence established that Brandy was credible and reliable. *See Dixon*, 206 S.W.3d at 616-17. Brandy's knowledge that Appellant would be leaving the apartment gives rises to an inference that she had obtained the information recently. *See Dixon*, 206 S.W.3d at 617. We find under the totality of the circumstances that Officers Newkirk, Lee, and Showalter had probable cause to believe that Appellant had cocaine hidden in his vehicle. *See id.* Further, it is undisputed that Appellant's pickup truck was readily mobile. Because the State established that the automobile exception applies in this case, the trial court did not err by denying the motion to suppress. Issue Two is overruled.

### CHARGE ERROR

In Point of Error Three, Appellant argues that the trial court erred by failing to instruct the jury that evidence seized in an illegal inventory search should be disregarded. Officer Showalter testified before the jury that he assisted with the inventory search after Appellant was arrested. In a hearing conducted outside of the jury's presence, Showalter testified that it is

Lewisville Police Department's policy to impound vehicles when the operator is arrested and they inventory impounded vehicles. A defendant's right to the submission of jury instructions under Article 38.23(a)[2] is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex.Crim.App. 2007). To be entitled to a jury instruction under Article 38.23(a), a defendant must show that: (1) the evidence heard by the jury raised an issue of fact; (2) the evidence on that fact was affirmatively contested; and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* at 510. In the absence of a genuine dispute about a material fact, the legality of the conduct is determined by the trial judge as a question of law. *Id.*

We have reviewed the entire record of the trial and have not found any disputed issue of material fact related to the inventory search. The jury did not hear any evidence raising an issue of fact related to the inventory search and Appellant did not affirmatively contest Showalter's testimony before the jury that he conducted an inventory search. Further, as set forth in our discussion of Issue Two, the warrantless search of the vehicle was not unreasonable because the automobile exception to the warrant requirement applies in this case. Thus, even if there was a disputed fact related to the inventory search, it is not material because other undisputed facts are sufficient to support the lawfulness of the warrantless search. *See Madden*, 242 S.W.3d at 510 ("And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence."). For these reasons, Appellant was not entitled to

---

[2] TEX.CODE CRIM.PROC.ANN. art. 38.23(a)(West 2005).

submission of an Article 38.23(a) instruction in the charge.  Issue Three is overruled.

## EXCLUSION OF EVIDENCE

In Point of Error Four, Appellant complains the trial court abused its discretion by excluding the testimony of Holly Naylor who would have testified that Shonda Riley confessed ownership and possession of the drugs during a telephone call.  The defense sought to introduce the testimony of Holly Naylor, an attorney who had worked for Appellant's trial counsel, Dominick Marsala, from April 2012 to August 2012.  The trial court conducted a hearing outside of the jury's present to determine whether to admit Naylor's testimony.  Marsala, in the presence of Appellant and Naylor, called Shonda Riley and talked to her about what happened on March 18, 2011.  Naylor testified that Riley stated she borrowed Appellant's truck to take her child or children to school and she had put plastic baggies containing hydrocodone, Xanax, and cocaine under the gas cap of the truck.  She returned the truck to Appellant later and did not tell him about the drugs hidden under the gas cap.  Riley did not mention anything about marihuana or hydrochloride.

At the same hearing, the State introduced the testimony of Derek Adame, who is Riley's attorney on an unrelated case.  Adame was aware of the Riley's telephone conversation with Marsala and he testified that Riley disputed the accuracy of the affidavits of Naylor and Marsala.[3]  According to Adame, Riley did not claim responsibility for the drugs found in Appellant's truck.  Further, Riley did not want to testify at Appellant's trial and she would exercise her Fifth Amendment right to remain silent.  The trial court excluded Naylor's

---

[3] The clerk's record contains the affidavits of Naylor and Marsala filed on May 17, 2012.  The affidavits describe Marsala's conversation with Riley.

testimony about the conversation because it is hearsay and the court further found the testimony to be untrustworthy.

*Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex.Crim.App. 2010). An abuse of discretion occurs if the court's decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex.Crim.App. 2008). An evidentiary ruling must be upheld if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 418 (Tex.Crim.App. 2008).

*Right to Compel Attendance of Favorable Witnesses*

A defendant has a right under the Sixth Amendment to compel the attendance of witnesses in his favor. U.S.CONST. Amend. VI; *Williams v. State*, 273 S.W.3d 200, 232 (Tex.Crim.App. 2008). In some circumstances, the exclusion of a defendant's evidence can amount to a violation of his right to compel the attendance of witnesses in his favor. *Williams*, 273 S.W.3d at 232; *Ray v. State*, 178 S.W.3d 833, 835 (Tex.Crim.App. 2005). There are two circumstances in which the improper exclusion of evidence may establish a constitutional violation: (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes relevant evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a defense. *Ray*, 178 S.W.3d at 835; *Potier v. State*, 68

- 14 -

S.W.3d 657, 659-62 (Tex.Crim.App. 2002). In the first scenario, the constitutional infirmity is the arbitrary rule of evidence itself. *Williams*, 273 S.W.3d at 232. In the second scenario, the rule itself is appropriate, but the trial court erroneously applies the rule to exclude admissible evidence to such an extent the defendant is prevented from presenting his defensive theory. *Id.* Appellant does not contend that the trial court erred by determining that Naylor's testimony about Riley's statements is hearsay. He instead argues that the hearsay rule operated in such a manner that it prevented him from presenting a favorable witness. Thus, Appellant's argument falls under the first scenario.

Appellant relies on the Waco Court of Appeals' decision in *Alonzo v. State*, 67 S.W.3d 346 (Tex.App.--Waco 2001, pet. dism'd). There, the court of appeals analyzed *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) and concluded that the right to present a defensive theory is constitutional and rules of evidence, particularly hearsay rules, "must be flexible and must sometimes bend to the due-process rights of the defendant." *Alonzo*, 67 S.W.3d at 359. Further, the court identified five factors that a court should consider when determining whether otherwise inadmissible hearsay should be admitted  because of these due process concerns: (1) the inherent trustworthiness of the hearsay; (2) any corroborating evidence that the hearsay is truthful; (3) the hearsay's importance to the determination of guilt-innocence; (4) the State's opportunity to examine the declarant of the hearsay; and (5) the State's demonstration, if any, of the unreliability of the hearsay. *Id.* at 359-

In *Alonzo*, the trial court excluded a videotaped statement of a person who claimed to have been an eyewitness to the killing and said that someone other than the defendant had committed the crime. The court of appeals concluded that the trial court erred by excluding the evidence because it violated the defendant's right to present his "alternative perpetrator" defense. *Id.* at 361-62.

Naylor's testimony about Riley's statements was important to the determination of guilt-innocence, but there is also evidence that the hearsay evidence is untrustworthy and unreliable. The trial court noted that Naylor's testimony about Riley's hearsay statements was not trustworthy because Naylor was an interested witness in the sense that she was Marsala's former employee and she had been a member of the defense team. Further, Riley had discredited Naylor's affidavit and said she had not made the statements attributed to her. The record also reflects that the State did not have an opportunity to cross-examine Riley because she would not testify at trial and would exercise her Fifth Amendment right to remain silent. Finally, there is no evidence corroborating Riley's statements. Under these circumstances, we conclude that the trial court did not abuse its discretion by excluding the hearsay evidence. Issue Four is overruled. Having overruled each issue presented on appeal, we affirm the judgment of the trial court.

June 17, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment)

(Do Not Publish)